UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. HODGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:18-CV-03040-X-BH |
| v. | § | |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| et al, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court considers the report of the United States Magistrate Judge in this action, which was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

In his complaint [Doc. No. 1-D], plaintiff Michael L. Lodge names the Bank of New York Mellon ("Mellon") and Bayview Loan Servicing, LLC ("Bayview") as defendants in this case. On September 5, 2001, Hodge entered a loan with America's Wholesale Lender ("Lender") for $223,920.00 and simultaneously executed a deed of trust that granted a security interest in the property located at 1014 Wind Ridge Drive, Duncanville, Texas 75137. The deed of trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Lender. Over the next 11 years, Hodge received two loan modifications (filing for bankruptcy in between them) and the nominee changed first to Mellon and then to Bayview. Hodge alleges, among other things, that Bayview failed to process loan modifications it promised him, failed to provide him with periodic statements, and failed to correct various errors Hodge

was notifying Bayview of.

On November 2, 2018, Hodge filed this lawsuit in the 192nd Judicial District of Dallas County, Texas alleging violations of the Real Estate Settlement Procedures Act, the Truth in Lending Act, and promissory estoppel. The case was subsequently removed to this court on November 15, 2018. On May 28, 2019, Bayview and Mellon filed a motion for summary judgment [Doc. No. 14] seeking to dismiss all of Hodge's claims with prejudice. On February 12, 2020, the Magistrate Judge entered proposed findings of fact and recommendations [Doc. No. 40] that the Court should dismiss this case with prejudice because Hodge has failed to meet its burden to identify a genuine dispute of material fact as to any of his claims.

Having received the Report of the United States Magistrate Judge, and no timely objections being filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Accordingly, the Court hereby **GRANTS** Bayview and Mellon's motion for summary judgment and **DISMISSES** all of Hodge's claims with **PREJUDICE**.

**IT IS SO ORDERED** this 2nd day of March, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE