IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. HODGE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3040-X-BH |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| FKA THE BANK OF NEW YORK, AS | § | |
| TRUSTEE (CWABS 2006-SD2) and | § | |
| BAYVIEW LOAN SERVICING, LLC, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Plaintiff's Memorandum in Support of Motion for New Trial*, filed March 30, 2020 (doc. 43). Based upon the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

This case involves a dispute over real property located at 1014 Wind Ridge Drive, Duncanville, Texas 75137. (doc. 1-4 at 4.)[2] On November 2, 2018, Plaintiff filed this lawsuit against The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-SD2 and Bayview Loan Servicing, LLC (collectively, Defendants) in state court. (*See id.* at 1.) He alleged that "Defendants made a promise to him to process his loan modifications," and that he had relied on that promise, but they failed to provide him a loan modification. (*Id.* at 5.) He also alleged that he

---

[1]By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

notified Defendants of accounting errors with his mortgage account, but they failed to correct them. (*Id.* at 5-6.) He asserted claims for promissory estoppel and violations of the Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA), and requested actual, reliance, exemplary, and statutory damages, court costs, attorney's fees, and injunctive relief preventing foreclosure of the Property. (*Id.* at 13-15.)

After the case was removed to federal court, Defendants moved for summary judgment on May 28, 2019. (docs. 14-16.) Plaintiff responded on July 31, 2019, (docs. 25-27), and Defendants replied on August 14, 2019, (docs. 31-32). On February 12, 2020, it was recommended that the motion be granted, and that all of Plaintiff's claims be dismissed with prejudice. (*See* doc. 40.) The recommendation was adopted, and his claims were dismissed with prejudice by judgment dated March 2, 2020. (*See* docs. 41, 42.)

On August 10, 2018, Plaintiff moved for a new trial under Rule 59 of the Federal Rules of Civil Procedure. (*See* doc. 43.) Defendants responded on April 13, 2020, (doc. 45), but Plaintiff did not file a reply.

## II.  RULE 59

Where, as here, no trial has taken place, a motion for new trial is not the proper vehicle to challenge final judgment. *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018). Because Plaintiff's motion challenges the judgment in this case and was filed within 28 days of its entry, it is properly construed as a motion arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion

2

seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff argues that the "there was a manifest error of law," that his promissory estoppel claim is not barred by the statute of frauds, and that he is entitled to relief "because a fact issue exists on [his] promissory estoppel claim." (doc. 43 at 2-3.) These are the same arguments he previously asserted in response to the motion for summary judgment, however. (*See* docs. 25-27.) Because he essentially rehashes the evidence, legal theories, or arguments that were raised before the entry of judgment, he fails to identify any manifest error of law on this basis. Accordingly, he has provided insufficient grounds to justify the extraordinary remedy available in Rule 59(e), and his motion should be denied.

### III. RECOMMENDATION

Plaintiff's motion for new trial, which is properly construed as a motion to alter or amend the judgment under Rule 59(e), should be **DENIED**.

**SO RECOMMENDED** on this 7th day of December, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE